UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**

98 OCT 30  AM 9: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN DOE,                              )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )   Civil Action No. CV-97-S-1327-NE
                                       )
FRED'S INC.; FRED'S STORES OF          )
TENNESSEE, INC.; and                   )
BILLY CUMMINS, in his official         )   ENTERED
and individual capacities,             )
                                       )   OCT 3 0 1998
        Defendants.                    )

### MEMORANDUM OPINION

Plaintiff brought this action against defendants, alleging discrimination against him on the basis of his disability (AIDS), and intrusion into his private affairs, which ultimately led to the disclosure of his condition "to others without a need to know." Plaintiff seeks declaratory judgment, injunctive relief, and damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and under Alabama's common law tort of invasion of privacy.

The action is before this court on several motions by the parties:   (1) motion for summary judgment by defendant Billy Cummins; (2) motion for summary judgment by defendants Fred's Inc. and Fred's Stores of Tennessee, Inc. (collectively, "Fred's"); (3) motion by Fred's for leave to file a reply brief in support of its

motion for summary judgment; (4) motion by Fred's to strike the opinion testimony of plaintiff's designated expert, Dr. James Raper; (5) plaintiff's motion to strike the affidavit of Paul R. Upchurch; and (6) plaintiff's motion to strike the letter submission of Fred's. The court will address these motions *in seriatim*.

## I. DISCUSSION

**A.   Defendant Cummins' Motion For Summary Judgment**

### 1.   Summary judgment standard

Summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ..." Rule 56(c), Fed. R. Civ. P.   The movant bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).   The moving party discharges this burden by "showing" or "pointing out" to the court that there is an absence

2

of evidence to support the non-moving party's case.  *Jeffery v.
Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995)(*per
curiam*).  Rule 56 permits the movant to discharge this burden with
or without supporting affidavits.  *Celotex,* 477 U.S. at 324, 106
S.Ct. 2553.  When the moving party has discharged its burden, the
non-movant must go beyond the pleadings and designate specific
facts showing there is a genuine issue for trial.  *Jeffery,* 64 F.3d
at 593.

In deciding whether the moving party has met its burden, the
court is obligated to draw all inferences from the evidence
presented in the light most favorable to the non-movant and, also,
to resolve all reasonable doubts in that party's favor.  *Spence v.
Zimmerman,* 873 F.2d 256 (11th Cir. 1989).  Inferences in favor of
the non-movant are not unqualified, however.   "Mere general
allegations which do not reveal detailed and precise facts will not
prevent the award of summary judgment."  *Resolution Trust Corp. v.
Dunmar Corp.,* 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted).
Moreover, evidence that is merely colorable, *see Brown v. City of
Clewiston,* 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, *see
Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir. 1989), or
conjectural, does not create a genuine issue of material fact.

3

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at 2512.

## 2. ADA claim

Cummins argues that the ADA does not provide a cause of action against him as an individual. Title VII allows employees to seek relief from an employer, not from employees in their individual capacity. *See Pouncy v. Vulcan Materials Company*, 920 F. Supp. 1566, 1578 (N.D. Ala. 1996) (citing Edwards v. Wallace Community College, 49 F.3d 1517, 1520 n.3 (11th Cir. 1995)). Courts apply the Title VII analysis by analogy when analyzing ADA claims, and

4

the Acts define "employer" identically.  *See id.*  Therefore, the court finds summary judgment appropriate for the ADA claim against Cummins in his individual capacity.

### 3.    Invasion of privacy claim

Plaintiff has stated a claim under the "wrongful intrusion" branch of Alabama's tort of invasion of privacy.[1]  *See Hogin v. Cottingham*, 533 So. 2d 525, 530-31 (Ala. 1988).  The court finds that genuine issues of material fact exist as to whether Cummins' activities constituted "an intrusion upon plaintiff's physical solitude or seclusion,  ...  or a wrongful intrusion into [plaintiff's] private activities in such manner so as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities ...."  *Id.* (internal quotation marks and citations omitted).

### B.    Defendant Fred's Motion For Summary Judgment

Upon consideration of the pleadings, the motion, the briefs and evidentiary materials submitted in support of and in opposition to the motion, the court finds genuine issues of material fact exist as to the ADA claim against Fred's, and as to the invasion of

---

[1] The court finds the facts of this case fail to reach the threshold of "publication" for the other branch of Alabama's invasion of privacy tort.  *See Johnston v. Fuller*, 706 So. 2d 700, 703 (1997); *see also Pouncy*, 920 F. Supp. at 1583 (and cases cited therein).

5

privacy claim discussed above.  Therefore, Fred's motion is due to be denied.

C.    **Motion For Leave To File A Reply Brief**

Fred's motion and accompanying brief and declarations were filed July 14, 1998.  The court finds no need for the brief and declarations supporting Fred's motion for summary judgment, and the motion for leave is due to be denied.    Nevertheless, even considering these materials, the court finds summary judgment improper, because genuine issues of material fact remain.

D.    **Motion To Strike The Opinion Testimony Of Dr. James Raper**

Fred's first challenges the qualifications of James Raper, D.S.N., C.R.N.P., as an expert.  Fred's then argues that Dr. Raper's analysis is not scientific, and that, if it is scientific, plaintiff fails to demonstrate the necessary indicia of reliability.

Federal  Rule  of  Evidence  702  provides  the  courts' "gatekeeping" standard for testimony by experts:

> If scientific, technical, <u>or other specialized knowledge</u> will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by <u>knowledge, skill, experience, training, or education</u>, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702 (emphasis supplied).

6

As plaintiff's response and Dr. Raper's *curriculum vitae* make clear, Dr. Raper is qualified to give opinion testimony in this case on a number of bases identified in Rule 702. (*See* Plaintiff's response to defendants' motion, Doc. No. 75, exhibit 1.) Furthermore, the court finds that Dr. Raper's opinions provided in the expert report (defendants' motion to strike, Doc. No. 71, at 8), are based on "other specialized knowledge," acquired through his years of education and practice.

Fred's also challenges the bases of Dr. Raper's opinions that plaintiff could perform his job, as it existed in October of 1995, at a certain level or with certain accommodations. First, Fred's argues that Dr. Raper is forced to rely, improperly, on plaintiff's medical record and the notes of plaintiff's treating physician. Fred's emphasizes that Dr. Raper's opinion differs from this physician's opinion. Second, Fred's contends the job descriptions on which Dr. Raper relies are an insufficient foundation for analysis of plaintiff's ability to meet the demands of his particular duties.

Although the facts Dr. Raper relied upon may not paint the most complete picture of the situation, the court finds they can serve as a reasonable foundation for Dr. Raper in formulating the

7

opinions at issue. Thus, the bases of Dr. Raper's opinions satisfy Rule 703. *See* Fed. R. Evid. 703 advisory committee's note ("The third source contemplated by the rule consists of presentation of data to the expert outside of court and other than by his own perception."). Nevertheless, the court notes, defendants' objections may prove more successful at a later stage: "Vigorous cross- examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993).

**E.   Plaintiff's Motion To Strike The Affidavit Of Paul R. Upchurch**

Plaintiff challenges the affidavit of Paul R. Upchurch on the grounds that Upchurch has no personal knowledge of the declarations therein, or that the statements constitute evidence that is inadmissible.   Upchurch, as an officer of Fred's overseeing personnel and administration, has personal knowledge of nearly every statement in his affidavit. At this stage of the litigation, however, the following statements should be stricken, because they are particular to the operations of Fred's location in Arab, Alabama, and Fred's has not established a foundation sufficient for their admissibility:   (1) the final sentence of paragraph eight;

8

(2) the final two sentences of paragraph ten; and (3) the final
sentence of paragraph thirteen.  *See* Fed. R. Civ. P. 56(e); *see
generally Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir.
1994).[2]

## F.    Plaintiff's Motion To Strike The Letter Submission

Upon consideration of the motions, the court accepts Fred's
reasons for filing its late submission by letter and denies the
motion to strike.  The court notes further that it need not rely on
the case Fred's cited therein.[3]

## II. CONCLUSION

An order consistent with this memorandum opinion will be
entered contemporaneously herewith.

DONE this the $\underline{30^{th}}$ day of October, 1998.

_____
Unit███████States District Judge

---

[2] As the court noted with regard to the reply brief, consideration of the
entire affidavit would not resolve the genuine issues of material fact that exist
for plaintiff's claims.  Thus, this motion has no bearing on the denial of
summary judgment.

[3] *See* note 1 *supra* (citing *Pouncy*, 920 F. Supp. at 1583).

9